IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER SEVEN |
| --- | --- | --- |
| | : | |
| SAMUEL R. BORGIA, | : | BANKRUPTCY NO.: 5-04-bk-53472 |
| | : | |
| DEBTOR | : | |

# OPINION[1]

Presently before the Court is a Motion to Reopen Chapter 7 Case filed by Michael J. Shaller Jr. (Doc. #12). The Motion to Reopen alleges that Mr. Shaller's rights were not protected by the Attorney General's office and that the discharge of his claim was a violation of 11 U.S.C. § 523(a)(4). The Debtor filed an Objection to the Motion to Reopen and responds that while Mr. Shaller was not listed on the original petition as a creditor, he was added by way of an Amendment, and he was aware of the pendency of the bankruptcy within the time permitted to file objections to discharge. For the reasons provided herein, I deny Mr. Shaller's Motion to Reopen the above-captioned bankruptcy case.

Because of the age of the docket, the original case having been filed on July 12, 2004, and a discharge entered November 22, 2004, the original file had to be retrieved from the National Archives and Records Administration located in Philadelphia, Pennsylvania. I felt at the time of the hearing that resolution of the instant matter could not be made without retrieval of the original file. I did, however, take testimony from Mr. Shaller. He testified that he was aware of Mr. Borgia's bankruptcy sometime in early

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

2004 but could not pinpoint exactly when in 2004 he became aware of the bankruptcy.[2]

Document number 7, filed September 23, 2004, is an Amendment to Schedules "A" - "C" - "F" filed by the Debtor. This Amendment adds to Schedule F (Creditors Holding Unsecured Nonpriority Claims), Michael Shaller, Jr., with an address of 40 Crest Street, Barnesville, PA 18214. Attached to the Amendment is a Certification of Service indicating that the Amendment to the Schedules was served on Mr. Shaller at the above-referenced address. Also attached are several Notices to creditors regarding the Amendments indicating to each of the individuals listed, including the Movant herein, when objections to the Debtor's discharge or objection to discharge of a particular claim had to be filed. The Notices are also dated September 23, 2004. The Certification of Service is specific that the Amendment to the Schedules was served but does not reference whether the Notice attached thereto was served.

Document number 9, filed on November 24, 2004, is a Certificate of Mailing of the Discharge of Debtor indicating the entities who were served a copy of the Debtor's Discharge by the Bankruptcy Noticing Center. Curious to the presentation of the Movant was his testimony that he received a copy of the Debtor's Discharge. The Certification of Service found at document number 9, while including numerous entities served with the Discharge, does not reflect that the Movant was served. On the other hand, while the file reflects that the Amendment adding Mr. Shaller as a creditor was served on Mr. Shaller, he testified that he never received that Amendment.

Nonetheless, when asked by the Court why the Movant waited approximately three

---

[2] Mr. Shaller had also been active in a companion case, Pa. Resources Corp., 5-04-bk-54132, which filed a Chapter 7 case on August 17, 2004. Mr. Borgia signed the Chapter 7 petition as President of Pa. Resources Corp.

years to file the instant Motion to Reopen, the Movant testified he was under the impression that he had to deal with the Pennsylvania Attorney General's Office and that this was to be a criminal matter which the Attorney General would handle on his behalf.

Based upon the testimony and the record as reflected on the docket, I find that the Movant had knowledge of the bankruptcy case while it was pending and, furthermore, had knowledge within time to file a complaint objecting to the dischargeability of a particular debt in a timely manner. Moreover, this finding is bolstered by the Movant's testimony that he had knowledge of the Debtor's Discharge.

While Federal Rule of Bankruptcy Procedure 9024(1) provides that a Motion to Reopen is not subject to the one year time limit that generally applies for other motions for relief from orders under Rule 60(b) of the Federal Rules of Civil Procedure, a Motion to Reopen, nonetheless, must be made in a reasonable time and laches may be grounds to deny the motion. 3 Collier on Bankruptcy ¶ 350.03[6] at 350-13 (15th ed. rev.). But while the delay may have been unreasonable, the record does not indicate whether the Debtor suffered any prejudice by the delay, and therefore, my denial of the request to reopen is not based upon laches in filing the Motion to Reopen. *In re Sheckard*, 386 B.R. 118 (Bankr. E.D.Pa. 2008).

Federal Rule of Bankruptcy Procedure 4007(c) sets a fixed deadline for the filing of dischargeability complaints under § 523(a)(4) in Chapter 7 cases. That deadline is sixty days after the first date set for the meeting of creditors held pursuant to Code Section 341(a). Furthermore, Federal Rule of Bankruptcy Procedure 9006 only permits me to extend the deadline under Rule 4007(c) to the extent and conditions stated in Rule 4007(c) which, in short, takes away any discretion I have to extend the deadline to file the

[m:\users\cathy\opinions\5-04-bk-53472_Borgia.wpd] 3

Case 5:04-bk-53472-JJT    Doc 23    Filed 10/14/08    Entered 10/14/08 11:35:47    Desc
Main Document    Page 3 of 4

complaint objecting to discharge under 11 U.S.C. § 523(a)(4). *In re Poskanzer*, 146 B.R. 125 (D.N.J. 1992). 9 Collier on Bankruptcy ¶ 4007.05 at 4007-19 (15th ed. rev.). *Kelly v. Robinson*, 479 U.S. 36, 54, 107 S.Ct. 353, 363, 93 L.Ed.2d 216 n.1 (1986). As indicated above, I find that the Movant was given timely notice of the Amendment adding him as a creditor in this case, and he was given sufficient time to file a complaint objecting to the dischargeability of his alleged debt prior to the October 23, 2004 deadline.[3]

It is for all the foregoing reasons that the Court hereby denies the Movant's Motion to Reopen the above-captioned bankruptcy case.

An Order will follow.

Date: October 14, 2008

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*

---

[3] The Notice to Creditors Regarding Amendment to Debtor's Schedules which was dated and served September 23, 2004, gave the newly added creditors by the Amendment 30 days from the date of the Notice to file objections to the discharge or dischargeability of a particular debt. This, together with Mr. Shaller's testimony that he learned of the bankruptcy in early 2004, persuades me to conclude that despite adequate notice, Mr. Shaller failed to timely file an objection to the dischargeability of his debt.